UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HECTOR RUBIO,

        Plaintiff,

   v.

ROMAN CATHOLIC BISHOP OF SACRAMENTO, a corporation ("JOHN DOE 1"); JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, DOES 5 through 100, inclusive,

        Defendants.

NO. CIV. S-07-0568 WBS GGH

ORDER RE: MOTION TO REMAND

----oo0oo----

        Plaintiff Hector Rubio filed this action against defendant Roman Catholic Bishop of Sacramento ("Diocese") alleging sexual abuse of plaintiff when he was a minor. Defendant removed the matter based on diversity jurisdiction, 28 U.S.C. § 1332, and plaintiff now moves to remand the case to state court.

I.  Factual and Procedural Background

        Plaintiff was born in California on March 18, 1974, and was a resident of Glenn County, California, at the time of the events averred in the complaint. (First Amended Complaint

1

("FAC") ¶ 1.)  Plaintiff was raised in a religious family, which included serving as an altar boy and regularly attending mass. (Id. ¶ 8.)  Defendant Diocese is a religious institution organized under the laws of the state of California as a corporation sole, with its principle place of business being in Sacramento, California.  (Id. ¶ 2.)  Defendant is responsible for funding, staffing, and directing parishes, parochial schools, fraternal organizations, and other facilities and institutions in Sacramento and Glenn Counties.  (Id.)

Plaintiff came to know a parish priest and spiritual counselor ("JOHN DOE 2"), while attending a church located in Glenn County, California ("JOHN DOE 3").  (Id. ¶ 9.)  According to plaintiff's complaint, beginning in approximately 1983, and continuing through 1985, defendant JOHN DOE 2 abused plaintiff by engaging in sexual conduct with him while plaintiff was a minor under the age of eighteen.  (Id. ¶ 10.)

On March 20, 2007, plaintiff filed a complaint in the Superior Court of Sacramento County, alleging five causes of action stemming from the alleged sexual abuse.[1]  (Compl.)  On March 23, 2007, defendant Diocese removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332.  On April 24, 2007, plaintiff brought this motion to remand the case to state

---

[1] Plaintiff alleged claims of: 1) childhood sexual abuse (C.C.P. § 340.1); 2) negligent hiring, retention, supervision, and failure to warn; 3) negligence; 4) intentional infliction of emotional distress; and 5) procuring or making a child available to another.  (Compl.)  On May 11, 2007, plaintiff filed a First Amended Complaint, which dropped the first and fifth claims in the original complaint, but contained two new claims of 1) sexual battery (C.C.P. § 1708.5) and 2) fraud and conspiracy to commit fraud.  (FAC.)

2

court, arguing that the parties are not diverse as required by 28 U.S.C. § 1332.

## II. Discussion

Removal is appropriate of any case brought in state court "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. 1441(a). A district court will have original jurisdiction in diversity when a dispute arises between "citizens of different states" over an amount greater than $75,000. 28 U.S.C. § 1332(a). Diversity cases may be removed "only if [no defendant] is a citizen of the State in which the action is brought" when notice of removal is filed. 28 U.S.C. § 1441(b) (emphasis added); Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004).[2] However, if removal was improper, then "the district court lack[s] subject matter jurisdiction, and the action should [be]

---

[2] At oral argument, the court pressed defendant Diocese (a citizen of California) about the propriety of removal in light of the "forum defendant" rule, which prohibits removal by a defendant who is a citizen of the state in which the original action was brought (in this case, California). As defendant's counsel noted, the Ninth Circuit has unequivocally held that the "forum defendant" rule is a procedural defect of removal. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 936 (9th Cir. 2006). The removal statute "prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995); 28 U.S.C. § 1447(c). Plaintiff Rubio filed his motion for remand 32 days after defendant's Notice of Removal. Accordingly, while plaintiff's current motion to remand challenging diversity is proper, see Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("federal court's subject matter jurisdiction cannot be waived and may be raised at any time"), plaintiff has waived his right to raise the "forum defendant" rule as an objection to removal. Id.; see also Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a district court may not sua sponte raise procedural defects in removal).

3

remanded to the state court." <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. 1447(c)).  The party asserting diversity jurisdiction bears the burden of proof. <u>Resnik v. La Paz Guest Ranch</u>, 289 F.2d 814, 819 (9th Cir. 1961).

"To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." <u>Lew v. Moss</u>, 797 F.2d 747, 750 (9th Cir. 1986) (quoting <u>Owens v. Huntling</u>, 115 F.2d 160, 162 (9th Cir. 1940) (internal quotations omitted)).

A person's old domicile is not lost until a new one is acquired.  <u>Lew</u>, 797 F.2d at 750 (citing <u>Barber v. Varleta</u>, 199 F.2d 419, 423 (9th Cir.1952)).  A change in domicile requires both (a) a physical presence at the new location with (b) an intention to remain there indefinitely.  <u>Lew</u>, 797 F.2d at 750; <u>Owens</u>, 115 F.2d at 162.  In making the determination about an individual's domicile, the court will consider factors such as: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." <u>Lew</u>, 797 F.2d at 750.  "Domicile is evaluated in terms of 'objective facts,'" and "'statements of intent are entitled to little weight when in conflict with facts.'" <u>Id.</u> (quoting

4

1  Freeman v. Nw. Acceptance Corp., 754 F.2d 553, 556 (5th Cir.
2  1985)).
3          Defendant Diocese is a corporation formed under the
4  laws of, and having its principal place of business in, the state
5  of California.  Defendant's Notice of Removal asserts that at the
6  time plaintiff filed this action, he was a citizen of Texas for
7  diversity purposes.  (Not. of Removal ¶ 4.)  In the present
8  Motion to Remand plaintiff argues that, while he does currently
9  reside in Texas, the only reason he moved there was because he
10 was transferred by his employer.  (Rubio Decl. ¶ 3; Greene Decl.
11 Ex. B (Response to Interrogatory #17).)[3]  Plaintiff maintains
12 that he fully intends to return to California, and therefore
13 California remains his domicile.  See Kanter v. Warner-Lambert
14 Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing Weible v. United
15 States, 244 F.2d 158, 163 (9th Cir. 1957) ("A person residing in
16 a given state is not necessarily domiciled there, and thus is not
17 necessarily a citizen of that state.")).  As further evidence of
18 his intention to return, plaintiff notes that 1) he has
19 maintained his California driver's license, 2) he has not changed
20 his voter registration, and 3) he still owns a home in
21 California.  (Rubio Decl. ¶¶ 5-7; Greene Decl. Ex. B (Response to
22 Interrogatory #19).)

---

[3] Defendant objects to the Declaration of Hector Rubio, submitted in support of this Motion to Remand, as being in violation of 28 U.S.C. § 1746, which details the federal statutory requirements for unsworn declarations.  (Def's Objections 2.)  Because the court will deny plaintiff's motion, and because most of the information contained in plaintiff's declaration is also contained in plaintiff's responses to interrogatories, attached to the Declaration of defense counsel Stephen Greene, the court need not rule on defendant's objections.

Plaintiff's responses to defendant's interrogatories, however, reveal significant facts supporting the conclusion that he has changed his domicile to Texas.  Importantly, plaintiff argues that the only reason he and his family moved to Texas was because he was transferred by his employer.  However, having resigned from his job over two months ago, plaintiff is no longer employed yet he remains in Texas.  (Greene Decl. Ex. B (Response to Interrogatory #14).)  Moreover, a significant indicator of residency upon which plaintiff relies is his continued ownership of a home in California.  Plaintiff's California home, however, is currently up for sale.  (Id. (Response to Interrogatory #20).) By contrast, plaintiff purchased a home in Texas in December, 2006, which is where he and his family currently reside.  (Id. (Response to Interrogatory #10).)  Plaintiff has moved his family and many of his belongings to Texas.  (Id. (Response to Interrogatory #8, 10, 30).)  Plaintiff's children attend a private preschool in Texas.  (Id. (Response to Interrogatory #31, 32).)  While plaintiff does maintain a California drivers license, both of his cars are currently located in Texas, and he recently transferred the registration of at least one to Texas. (Id. (Response to Interrogatory #24, 25).)

Plaintiff asserts that his current status as a temporary resident in Texas is similar to a previous period when he relocated to New Mexico[4] for two months for employment purposes. (Pl.'s Reply in Supp. of Mot. to Remand 4.)  There are

---

[4] Plaintiff's Reply Brief submitted in support of this motion indicates that plaintiff was transferred to Arizona, while plaintiff's declaration indicates New Mexico. (Pl.'s Reply in Supp. of Mot. to Remand 4; Amended Rubio Decl. ¶ 4.)

6

1  no indications, however, that any of the attendant circumstances
2  in the present case existed in that instance, such as plaintiff's
3  decision to purchase a home in the new state, to sell the home in
4  California, to move the family and belongings to the new state,
5  or to switch the registration of a car to the new state.  Indeed,
6  at oral argument, plaintiff's counsel indicated that plaintiff's
7  primary concern is to avoid "uprooting his family" again--at
8  present time, plaintiff's family is located in Texas, and a
9  subsequent move back to California would once again uproot them.
10          The factors for determining domicile are "essentially
11 factual," Lew, 797 F.2d at 750, and based on all the facts
12 presented, plaintiff appears to have changed his domicile from
13 California to Texas.  Plaintiff's mere assertion of an intent to
14 return is not sufficient to overcome facts to the contrary.  Id.
15 Accordingly, diversity of citizenship exists for the parties in
16 this action, and plaintiff's motion to remand will be denied.
17          IT IS THEREFORE ORDERED that plaintiff's motion to
18 remand be, and the same hereby is, DENIED.
19 DATED:  May 30, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7